UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN BURNS,

    Plaintiff,

v.                                                                              Case No. 1:25cv51-MW-HTC

THOMAS CONGER, et al.,

    Defendants.
_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

Plaintiff Kevin Burns has filed a civil rights complaint against two psychologists who provided evaluations for his 2018 application for child disability insurance benefits. Doc. 1. He also filed a motion to proceed *in forma pauperis*. Doc. 2. Upon consideration, the undersigned finds Burns' complaint should be DISMISSED WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)[1] for the following reasons: (1) a *Bivens*[2] remedy is not available against the Defendant psychologists; (2) any such claims would be barred by the statute of limitations; and

---

[1] The undersigned notes Burns has filed eight cases with the Court within the past month. In addition, Burns has previously filed cases with the Court that were dismissed as frivolous or for failure to state a claim. *See Burns v. Gooldin*, Case No. 1:24cv68-AW-MAF (N.D. Fla. June 24, 2024) (dismissed as frivolous); *Burns v. United States*, Case No. 4:22cv1-MW-MAF (N.D. Fla. May 26, 2022) (dismissed for failure to state a claim and as barred by the statute of limitations); *see also Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered.") (citations omitted).

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

(3) the Court previously reviewed the denial of Burns' application for benefits. Because the action is frivolous, the motion to proceed *in forma pauperis*, Doc. 2, will be DENIED.

I.  **Background**

Burns sues Thomas Conger, Ph.D., and James A. Brown, Ph.D. He alleges in September 2018, Dr. Conger incorrectly claimed there was no medical evidence from March 20, 2002, to March 19, 2006, to support his child disability insurance benefit claim. Similarly, Burns alleges Dr. Brown overlooked medical records relevant to his claim in November 2018. He asserts the doctors violated his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments, as well as Social Security rules and federal law related to providing false documents to the Social Security Administration. As relief, he asks to be awarded "adult child benefits" dating back to March 2002.

II. **Legal Standard**

Because Burns seeks to proceed *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, Burns must plead factual content which allows the Court to draw the reasonable inference the Defendants are liable for the misconduct alleged. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must liberally construe Burns' *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth.  *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III. Discussion**

Burns' claims are frivolous for at least three reasons.  First, the Defendant psychologists cannot be sued under *Bivens*.  In *Schweiker v. Chilicky*, the Supreme Court held a *Bivens* action could not be maintained against government officials who administered the federal Social Security program for the improper denial of benefits. 487 U.S. 412, 424, 429 (1988) (noting "Congress is the body charged with making the inevitable compromises required in the design of a massive and complex welfare benefits program" and the Social Security Act "makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits"); *Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) ("The Supreme Court has declined to imply a *Bivens* remedy for monetary damages for people improperly denied social security benefits."). Because Congress provided Burns with alternative means to remedy his complaints about the processing of his disability application—and, as discussed below, Burns

availed himself of those alternative remedies—Drs. Conger and Brown cannot be sued under *Bivens*.[3]

Second, even if Drs. Conger and Brown could be sued under *Bivens*, Burns' claims against them would be barred by the statute of limitations. Burns complains about disability evaluations Drs. Conger and Brown performed in 2018 at the initial and reconsideration levels of the disability application process, and there is nothing suggesting Burns did not know about the evaluations either shortly after they were completed or, at the latest, when the administrative law judge issued his unfavorable decision on August 12, 2020. *See Burns v. Kijakazi*, Case No. 4:20cv541-WS-HTC. Because a four-year statute of limitations applies to Burns' claims, *see Erick v. Border Patrol of Fla. State*, 154 F. App'x 193, 194-95 (11th Cir. 2005), and he did not file this case until February 18, 2025, his claims are barred by the statute of limitations.

Finally, to the extent Burns seeks judicial review of the Commissioner's decision denying his application for child disability insurance benefits, the Court

---

[3] Burns does not specify in his complaint whether Drs. Conger and Brown are federal employees or private contractors. However, in either scenario, the *Bivens* remedy would not extend to them since disability claimants have alternative remedies available. *See Minneci v. Pollard*, 565 U.S. 118 (2012) (holding a *Bivens* claim could not be asserted against privately employed personnel working at a privately operated federal prison because state tort law provided an alternative remedy). In addition, Burns checked a box indicating he was suing Dr. Conger in his official capacity. However, plaintiffs cannot bring *Bivens* actions against officials in their official capacities. *See Horne*, 359 F. App'x at 143 ("While a plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity.") (citations omitted).

Case No. 1:25cv51-MW-HTC

previously reviewed that decision and affirmed the denial. *See Burns v. Kijakazi*, Case No. 4:20cv541-WS-HTC, 2022 WL 774046 (N.D. Fla. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 769212 (N.D. Fla. Mar. 14, 2022). Burns then filed an appeal, and the Eleventh Circuit affirmed this Court's decision. *See Burns v. Comm'r, Soc. Sec. Admin.*, 2023 WL 5607883 (11th Cir. Aug. 30, 2023). Thus, any attempt by Burns to seek further review of the decision denying his application for child disability insurance benefits is barred by the doctrine of res judicata. *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986) ("Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit.") (citations omitted).

Based on the foregoing, Burns' claims are frivolous and should be dismissed with prejudice.[4] *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Finally, because Burns has no viable claim, his motion to proceed *in forma pauperis* is also denied. *See e.g., Romagnano v. Byrd,* No. 3:23cv8294-TKW-HTC,

---

[4] On February 20, 2025, Burns filed a document titled "Motion to Added." Doc. 4. The undersigned has reviewed the document and finds it has no effect on the conclusions reached in this Report and Recommendation.

Case 1:25-cv-00051-MW-HTC   Document 6   Filed 02/20/25   Page 6 of 7

Page 6 of 7

2023 WL 3466656, at *3 (N.D. Fla. Apr. 28, 2023), *report and recommendation adopted*, 2023 WL 3457879 (N.D. Fla. May 15, 2023), *appeal dismissed,* No. 23-11687-A, 2024 WL 2229284 (11th Cir. Jan. 9, 2024); *Reardon v. Institutional Leasing LLC*, 2012 WL 13042665, at *1 (S.D. Fla. Mar. 6, 2012) ("the Court can deny a motion to proceed in forma pauperis and dismiss the action if the claims in the underlying complaint are frivolous or fail to state a claim on which relief may be granted"); *see also Davis v. CitiMortgage, Inc.*, 2012 WL 13134242, at *1 (N.D. Ga. Jan. 9, 2012) (recommending that plaintiff's motion for *in forma pauperis* status be denied "because, having reviewed the complaint in this action with deference to the fact that Plaintiff is attempting to appear pro se, the federal claim set forth in the complaint is frivolous and/or fails to state a claim for relief, and repleader would be futile against the named Defendant"), *report and recommendation adopted*, 2012 WL 13134244 (N.D. Ga. Feb. 2, 2012).

Accordingly, it is ORDERED:

1. Burns' motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

2. That the Clerk close the file.

Case No. 1:25cv51-MW-HTC

At Pensacola, Florida, this 20th day of February, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 1:25cv51-MW-HTC